**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL2021106

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| Wilma Manzano, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Wilma Manzano, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Portfolio Recovery Associates, LLC as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

1

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Portfolio Recovery Associates, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff Wilma Manzano ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Queens County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Portfolio Recovery Associates, LLC ("Defendant") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Norfolk, Virginia.

15. Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

3

16. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Defendant's businesses is the collection of such debts.

19. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

23. On or about March 10, 2020, a purported collection letter (the "World Financial Letter") was sent to Plaintiff from Defendant, purportedly on behalf of "World Financial Network Bank", seeking to collect an alleged debt in the amount of $599.07, account number XXXXXX542 (the "World Financial Debt").

24. A true and accurate, redacted, copy of the World Financial Letter is attached as **Exhibit 1** and incorporated herein by this reference.

25. On or about March 10, 2020, a nearly identical collection letter (the "GE Capital Letter") was sent to Plaintiff from Defendant, purportedly on behalf of "GE Capital Retail Bank", seeking to collect an alleged debt in the amount of $467.71, account number

4

XXXXXXXXXXXXX696 (the "GE Capital Debt").

26. A true and accurate, redacted, copy of the GE Capital Letter is attached as **Exhibit 2** and incorporated herein by this reference.

27. The World Financial Debt and the GE Capital Debt were each incurred as a financial obligation that was primarily for personal, family, or household purposes and each is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. The World Financial Letter and GE Capital Letter are collection referred to as "Collection Letters".

29. Upon information and belief, Defendant's Collection Letters are form debt-collection communications, generated by a computer, with information specific to Plaintiff inserted by a computer.

30. Plaintiff received the Collection Letters and read them.

31. Upon information and belief, as of the dates indicated on the Collection Letters, both the World Financial Debt and the GE Capital Debt (collectively the "alleged Debts") were each beyond the applicable statute of limitations for which a creditor could sue Plaintiff in a collection action to collect upon such alleged Debts.

32. Defendant's Collection Letters contained each contained an out of statute disclosure, informing Plaintiff that the legal time limit for suing to collect on the alleged Debts has expired.

33. In spite of the foregoing, Defendant's Collection Letters sought payment of the alleged Debts by offering Plaintiff various "Savings Plan[s]" through which Plaintiff could repay the alleged Debts in installments for less than the full purported balance amounts and thereby "save" money.

5

34. The statements in Defendant's Collection Letters pertaining to "savings" and "saving" money on the alleged Debts are false, deceptive and misleading to the least sophisticated consumer, in violation of the FDCPA, as a debtor cannot save money by paying on a time-barred debt which a creditor has no legal right to file a collection lawsuit for, and which the debtor has no legal obligation to pay.

35. The Collection Letters also stated "We are not obligated to renew this offer. Your first payment must be received by: 04/13/2020".

36. The foregoing statement is false and misleading because there is no urgency for the Plaintiff to make a decision, as offers to resolve accounts in collections, especially time barred debts, often are always available and get better with time, not worse.

37. This false statement would materially affect the decision making of the least sophisticated consumer who might reasonably desire to pay their debts based upon Defendant's self-serving and misleading financial advice regarding saving money by paying debts beyond the applicable statutes of limitation.

38. Upon information and belief, Defendant makes a pattern and practice of providing false and misleading statements in order to deceive a consumer with deceptive savings offers, in an effort to trick a consumer into paying a debt they would normally not pay.

39. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

40. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

41. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant

6

sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

42. Plaintiff has been misled by Defendant's conduct.

43. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

44. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debts and other alleged debts.

45. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

46. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

47. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debts.

48. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

49. A favorable decision herein would redress Plaintiff's injury with money damages.

50. A favorable decision herein would serve to deter Defendant from further similar conduct.

7

51. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692e and 1692e(10)**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

56. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

57. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

58. Defendant's debt collection efforts attempted and/or directed towards Plaintiff as described herein violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

8

**SECOND COUNT**
**Violation 15 U.S.C. § 1692f**

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. Defendant's debt collection efforts attempted and/or directed towards Plaintiff as described herein violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(4).

62. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means in connection with the collection of any debt.

63. Defendant violated said section by making a false and misleading representation that sought to induce or trick Plaintiff into paying otherwise unenforceable debts and create a false, nonexistent sense of urgency to pay, in violation of § 1692f.

64. The least sophisticated consumer upon reading the Letters would be afraid about the possibility of facing some sort of legal action if she does not make a payment on the alleged Debts by the offer expiration deadline.

65. The inclusion of such a statement that payment would lead to a savings and making it governed by a deadline to create a false sense of rush on an unenforceable alleged Debts, constitutes unfair means to collect the alleged Debts.

66. The inclusion of such a statement that payment would lead to a savings and making it governed by a deadline to create a false sense of rush on an unenforceable alleged Debts, constitutes unconscionable means to collect the alleged Debt.

67. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692f and is liable to Plaintiff therefor.

**CLASS ALLEGATIONS**

68. Plaintiff brings this action individually and as a class action on behalf of all



consumers similarly situated in the State of New York.

69. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letters sent to Plaintiff, which letters were sent on or after a date one year prior to the filing of this action to the present.

70. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

71. The Class consists of more than thirty-five persons.

72. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

73. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

74. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

10

## JURY DEMAND

75. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: February 5, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL2021106
*Attorneys for Plaintiff*